AMERICAN HARDWOOD LUMBER COMPANY *v.* ELLIS & CO.

Opinion delivered December 7, 1914.

1. SERVICE OF PROCESS—SUMMONS—FOREIGN CORPORATIONS.—Service on the designated agent of a foreign corporation, within the State but outside the county where the suit is brought is sufficient to give jurisdiction.

2. SERVICE OF PROCESS—SUMMONS—FOREIGN CORPORATIONS.—Act 98, p. 293, Acts 1909, providing for service upon any agent within the State of a foreign corporation is not in conflict with Kirby's Digest, § 834, and Act 65, p. 116, Acts 1899.

3. APPEAL AND ERROR—ISSUE NOT RAISED BELOW.—Where defendant appeared specially challenging the sufficiency of service upon him, and that plea is held untenable, to take advantage of another defense on appeal, he must have raised the latter issue in the court below.

Appeal from Calhoun Circuit Court; *T. J. Gaughan,* Special Judge; affirmed.

*J. W. Warren,* for appellant.

1. As to the item of $396.31 set up in the amendment to the complaint, it was a separate cause of action, and, being such, judgment upon it could not properly be accelerated by filing it as an amendment. The rule is that where a distinct cause of action is added to the complaint, the right to proceed upon the complaint as amended, so far as service is concerned, requires service or notice after filing of the amendment.

2. The service was not sufficient to fix the venue for the trial of this cause in Calhoun County. The venue is fixed by section 6072 of Kirby's Digest, unless it be held that sections 825 and 834 of said Digest are to be taken as amending the provisions of section 6072 insofar as they relate to the venue in cases against foreign corporations. But in those two sections there is no indication of a purpose to change the venue. Had that been the intention, it would have been wholly unnecessary to require a corporation to designate its principal place of business, the only purpose of such designation being to establish its domicile. The domicile having been established, the

venue was thereby fixed, and service had upon the agent anywhere within the State was intended to draw the person of the corporation into the venue fixed by the place of its domicile.

Neither did the Calhoun Circuit Court have jurisdiction of appellant under Act 98, approved April 1, 1909. 60 Ark. 578.

*C. L. Poole,* for appellee.

The evidence shows that appellant, a foreign corporation, complied with the law, section 825, Kirby's Digest, by filing with the Secretary of State, a certificate naming J. S. Gaunt as its agent, upon whom service of process might be had. Service upon him as such appointed agent was sufficient, and conferred jurisdiction upon the Calhoun Circuit Court of said corporation. Kirby's Dig., § 834; 69 Ark. 396; 84 Ark. 574; 95 Ark. 591.

McCULLOCH, C. J. Appellant is a Missouri corporation and has complied with the laws of this State by designating an agent upon whom service of summons and other process may be made, in accordance with the statutes of this State which prescribe the terms upon which foreign corporations may transact intrastate business here. Kirby's Digest, § 825. The corporation maintains an office in Saline County, Arkansas, which is designated as its principal place of business, and the designated agent resides there. Appellee is doing business in Calhoun County in this State, and instituted this action against appellant in the circuit court of that county to recover on account for the price of carloads of lumber aggregating the sum of $1,252.48, together with interest. Summons was issued, directed to the sheriff of Saline County, and the writ was by the sheriff of that county served upon the agent designated by appellant corporation. Subsequently, appellee filed an amendment, exhibiting a further account for the price of another carload of lumber aggregating $396.31, which fell due after the commencement of the action, and prayed for judgment for that additional amount. Appellant appeared by its counsel and put in a special plea directed against the ser-

vice of the summons outside of the county wherein the action was instituted, and, when the court overruled the plea, saved its exceptions. Appellant declined to plead further, and, upon testimony being introduced in support of the account sued on, judgment was rendered in appellee's favor for the full amount set forth in the original complaint and the amendment thereto. Appellant filed its motion for a new trial, which was overruled, and an appeal was duly prosecuted.

The contention is that the statute does not authorize the service upon the designated agent of a foreign corporation outside of the county where a transitory action is instituted, and that the service should have been quashed. The statute provides that service of summons upon the designated agent of a foreign corporation "at any place in this State shall be sufficient service to give jurisdiction over such corporation to any of the courts of this State, whether the service was had upon said agent within the county where the suit was brought or is pending or not." Act March 18, 1899, Act 65, p. 116, Acts 1899, Kirby's Digest, § 834. The contention, as we understand it, is that it was not intended by the lawmakers to give jurisdiction to any county in the State and authorize service of process in any other county, but it was intended that the venue as fixed by other statutes would still control, and that the service might be had upon the designated agent where the suit had been brought according to the venue prescribed by the other statutes. That is to say, where the action is local, it must be brought in the prescribed county and service had anywhere in the State on the designated agent; but that where the action is transitory, as in this case, it must be brought in the county where service can be had. We do not think the language of the statute can be limited so as to give it only that effect, for the plain language used in the statute is that the service at any place in the State shall be sufficient to give jurisdiction "to any of the courts of this State, whether service was had upon said agent within the county where the suit was brought or is pending or not." To thus limit

the language of the statute would be to destroy its effect entirely, for without giving it the effect according to the language used it would add nothing to the statute already in force.

Section 825 of Kirby's Digest prescribes a requirement that a foreign corporation shall designate an agent "on whom service of summons and other process may be made," and that it is sufficient to authorize service upon such agent. Therefore, the lawmakers must have intended to add something by the act of March 18, 1899, in saying that the service should be sufficient to give jurisdiction to any of the courts of the State, whether had in the county where the suit is brought or is pending or not.

Similar language was employed in the act of 1887, which provided that service upon the designated agent should be "sufficient to give jurisdiction over such corporation to any of the courts of this State," and this court, in an opinion by Judge BATTLE, in the case of *Southern Building & Loan Association* v. *Hallum*, 59 Ark. 583, clearly intimated that the proper construction of that statute was to hold that service on the designated agent was sufficient to authorize the suit in any of the counties of the State.

(1) We conceive it to be our duty to give effect to the language used by the lawmakers, and when this is done, it means that under the statute now in force, service on the designated agent, even outside of the county where the suit is brought is sufficient. We have nothing to do with the harshness of the statute nor the inconvenience which is likely to follow from it. That is a matter which addresses itself entirely to the lawmakers.

(2) We do not, in the consideration of this question, overlook the later act of April 1, 1909, Act 98, p. 293, Acts 1909, which provides that "all foreign and domestic corporations who keep or maintain in any of the counties of this State a branch office or other place of business, shall be subject to suits in any of the courts in any of said counties where said corporation so keeps or

maintains such office or place of business, and that service of summons or other process of law from any of the said courts held in said counties upon the agent, servant or employee in charge of said office or place of business shall be deemed good and sufficient service upon said corporations and shall be sufficient to give jurisdiction to any of the courts of this State held in the counties where said service * * * is had." This statute was dealt with and analyzed in the recent case of *Fort Smith Lumber Company* v. *Shackleford,* 115 Ark. 272. It may be urged with some plausibility that this statute was intended to displace or repeal the former one referred to above, but upon careful consideration we have reached the conclusion that it does not have that effect, and that it was merely intended to give the additional remedy of serving process upon the agent at a branch office or other place of business in the county where the same is located.

Our conclusion is that the service in this case was sufficient to authorize a judgment against the corporation.

(3) It is also insisted that the court erred in permitting the amendment bringing in a new cause of action which was not mature at the commencement of this action. It is sufficient, however, to say that that question was not raised in any manner below and appellant is deemed to have waived the immaturity of the additional cause of action. *Ferguson* v. *Carr,* 85 Ark. 246. It appeared specially for the purpose of challenging the sufficiency of the service of the summons in another county, and, as that plea was untenable, it should have raised objection to the bringing in of a new cause of action if it desired to take advantage of that point.

There are the only questions presented for our consideration, and, since they are determined against appellant's contention, the judgment is affirmed.