MISSOURI STATE LIFE INSURANCE COMPANY *v.* WITT.

Opinion delivered October 20, 1924.

INSURANCE—FOREIGN CORPORATION—VENUE OF ACTION.—Under Crawford & Moses' Dig., § 1829, foreign corporations, including life insurance companies, may be sued in any county of the State, regardless of the residence or place of death of the insured.

Appeal from Ouachita Circuit Court; *L. S. Britt,* Judge; affirmed.

*C. E. Pettit* and *W. A. Leach,* for appellant.

The venue in this case is determined by C. & M. Digest, § 6151. The suit should have been brought in Monroe County. It is clear that, prior to the passage of the act of March 18, 1899, the act of April 4, 1887, had no application whatever to foreign insurance corporations, and that process could not be served on such corporations in any manner other than that pointed out by the statute relative to such insurance companies. 69 Ark. 396; 59 Ark. 593; 139 U. S. 233; 60 Ark. 578. The act of March 18, 1899, was an amendment of the statute relative to corporations generally; and foreign insurance companies not being mentioned therein, and the act amended not having any application to foreign insurance companies, the law relative to service of process upon such companies was not in any manner affected by that act. Attention is called to the fact that in the revision of 1904, that portion of the act of March 18, 1899, prescribing the manner of service, which was carried forward as § 839 of Kirby's Digest (now § 1829 of C. & M. Digest), viz., "service of summons and other process upon the agent designated under the provisions of § 825" (C. & M. Dig., § 1826), was not contained in the act as originally enacted, and was not incorporated therein by any subsequent legislative enactment.

*T. J. Gaughan* and *Bogle & Sharp,* for appellee.

The motion to quash the service was properly overruled. The statute relied upon by appellant, C. & M. Dig., § 6151, was the act of February 27, 1897, but a later act was passed, that of May 13, 1907, an act regulating

foreign corporations in the State, and brought forward in Crawford & Moses' Digest as § 1826, which specifically includes foreign fire and life insurance companies, and requires of each that it shall designate its general office or place of business in this State, and shall name an agent upon whom process may be served. See also the act of 1909, § 1174, C. & M. Digest, regulating the service on foreign corporations, and the act of May 13, 1917, C. & M. Dig., § 1827. The foregoing acts unquestionably, we think, gave the court jurisdiction in this case; also that the question has been settled by this court in the case of *Mutual Aid Insurance Company* v. *Blacknall,* 123 Ark. 379. See also 140 Ark. 137; 150 Ark. 635; 156 Ark. 211.

HUMPHREYS, J. Appellee recovered judgment in the circuit court of Ouachita County upon a life insurance policy for $5,000, interest, the statutory penalty, and an attorney's fee against appellant, which policy was issued by it upon the life of Charles A. Witt, naming appellee as the beneficiary therein.

An appeal has been duly prosecuted from the judgment to this court, and appellant seeks a reversal thereof upon three grounds, namely: (1). That the trial court was without jurisdiction. (2). That the answers made by the insured in his application for the policy were false, and rendered the policy void. (3). That the trial court erroneously instructed the jury.

(1). The insured resided in Monroe County, Arkansas, when he procured the policy, and continued to reside there until his death. This suit was brought in Ouachita County, and service was obtained upon appellant, a foreign corporation, in Pulaski County, by delivering a copy of the summons to its designated agent, Bruce T. Bullion, Insurance Commissioner. The appellant appeared specially and moved to quash the summons upon the ground that it was issued out of a court that had no jurisdiction over the cause of action. The trial court overruled the motion to quash the service, and the contention of appellant is that the court com-

mitted reversible error in doing so. Appellant insists that the venue of the cause of action was fixed by § 6150 of Crawford & Moses' Digest, which requires actions on life insurance policies to be brought in the county of the residence of the insured, or in the county where the death of the insured occurred. In other words, appellant contends that the suit should have been brought in Monroe County, where the insured resided and died. Section 6150 of Crawford & Moses' Digest became a law by enactment of the Legislature of 1897. The suit was brought under § 1829 of Crawford & Moses' Digest, which is as follows:

"Service of summons and other process upon the agent designated under the provisions of § 1826 at any place in this State shall be sufficient service to give jurisdiction over such corporation to any of the courts of this State, whether the service was had upon said agent within the county where the suit is brought or is pending, or not."

This section of the Digest was passed by the Legislature in 1899, two years later than § 6150, *supra.* Section 1826 of Crawford & Moses' Digest, referred to in said § 1829, expressly embraces foreign life insurance companies. By carefully reading § 1829 we have concluded that it is a venue statute, and that its purpose is to give jurisdiction over suits against foreign corporations, including foreign life insurance companies, to any of the courts of this State. This was the effect of the ruling of this court in the case of the *American Hardwood Lumber Co.* v. *Ellis,* 115 Ark. 524. In that case the contention was made that a transitory action must be brought against a foreign corporation in the county where its designated agent resided. This court rejected the contention upon the ground that § 1829, *supra,* meant to add something to the law as it then existed, "in saying that the service should be sufficient to give jurisdiction to any of the courts of this State, whether had in the county where the suit is brought or is pending, or not." In construing the statute in question this court said: "We

conceive it to be our duty to give effect to the language used by the lawmakers, and, when this is done, it means that, under the statute now in force, service on the designated agent, even outside of the county where the suit is brought, is sufficient. We have nothing to do with the harshness of the statute nor the inconvenience which is likely to follow from it. That is a matter which addresses itself entirely to the lawmakers.''

It is true that the court had under review a transitory action, but the statute in question makes no distinction between transitory and local actions. It relates to both kinds of actions, so, if the statute changed the venue with reference to transitory actions, it had the effect of changing the venue of any action brought against a foreign corporation which had designated an agent in this State for the purpose of service. Moreover, a suit upon an insurance policy against a foreign insurance company is in its nature a transitory action. We think § 1829 had the effect of changing the venue in suits against foreign insurance corporations from the county of the insured's residence, or the county where his death occurred, to any county in the State.

The court did not therefore commit error in overruling the motion to quash the service.

(2-3). The two other questions presented on this appeal, and relied upon for reversal of the judgment by appellant, were involved in a companion case between the same parties reported in volume 161 of the Arkansas Reports, at page 148. There is no material difference between the facts in the two cases or in the theory upon which they were submitted, so the instant case is ruled by the case of *Mo. State Life Ins. Co.* v. *Witt,* 161 Ark. 148.

No error appearing, the judgment is affirmed.

McCULLOCH, C. J., (dissenting). The statutes of this State localize actions on insurance policies by providing that actions on life insurance policies shall be maintained ''in the county of the residence of the party whose life was insured, or in the county where the death of such

party occurred." Crawford & Moses' Digest, § 6150. Such action is thus made local and not a transitory one.

I am quite unable to understand what the majority mean by saying that "a suit upon an insurance policy against a foreign insurance company is in its nature a transitory action." The character of an action—whether transitory or local—is determined altogether by the statute which authorizes its maintenance. Nothing in the Constitution fixes the venue in civil actions, and that is fixed by statute. The power of the Legislature in fixing venue in civil actions is unrestricted. That power has been exercised in the statute referred to above (§ 6150), and the question presented in this case is whether it has been repealed or amended by § 1829 so as to make an action against a foreign corporation on a policy of insurance a transitory one. I do not think such is the effect of the later statute, which does not deal with the matter of venue in civil actions, but merely with place of service of process. The words in the statute, "give jurisdiction over such corporation to any of the courts of this State," relate to jurisdiction to persons and not to subject-matter.

The case of *American Hardwood Lbr. Co. v. Ellis & Co.,* 115 Ark. 524, does not, I think, support the views of the majority, for it involved a purely transitory action and was confined to the question of effect of the later statute on transitory actions against foreign corporations.

The effect of the present decision holding that § 1829 is a venue statute in actions against foreign corporations leads to the result that all venue statutes as to such corporations are repealed by the later statute and that such a corporation may be sued in Ashley County to recover possession of land in Washington County, or that the chancery court of Lafayette County may appoint a receiver to wind up such a corporation doing business and having property situated exclusively in Clay County. I cannot believe that such was the intention of the law-makers as expressed in the language used.