## POWER MANUFACTURING COMPANY *v.* SAUNDERS.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 258. Submitted March 16, 1927.—Decided May 31, 1927.

1. A state law restricting venue in transitory actions, if against a domestic corporation to a county where it has a place of business or in which its chief officer resides, or, if against a natural person, to a county where he resides or is found, but which permits that such actions, when against a foreign corporation, be brought in any county of the State, is unreasonable and arbitrary, and in violation of the equal protection clause of the Fourteenth Amendment, as applied to a foreign corporation doing business in the State by her permission and having a fixed place of business and an agent in one county, but none, and no property or debts, in the county in which the suit is instituted. P. 493.

2. A foreign corporation, by seeking and obtaining permission to do business in a State, does not subject itself to provisions in the State statutes which conflict with the Federal Constitution. P. 497.

169 Ark. 748, reversed.

ERROR to a judgment of the Supreme Court of Arkansas which affirmed a judgment against the above-named com-

pany recovered by Saunders in an action for personal injuries.

*Messrs. George C. Lewis, George B. Pugh,* and *Thomas S. Buzbee* were on the brief, for plaintiff in error.

*Mr. William R. Donham* for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This was an action to recover for a personal injury sustained by the plaintiff while in the defendant's employ. The plaintiff was a citizen and resident of Ohio, and the defendant was a corporation of that State. Besides its activities in Ohio, the defendant maintained a warehouse at Stuttgart, Arkansas, where it did a local business. The plaintiff received his injury in that warehouse. The defendant had complied with the conditions on which Arkansas permits foreign corporations to do a local business within her limits, and as part of its compliance had named Stuttgart as its place of business in the State and designated an agent residing there on whom process against it might be served. See Crawford & Moses Digest 1921, § 1826. It did no business and had no office, officer or agent elsewhere in the State. Stuttgart is in Arkansas County and is its county seat.

The action was brought in Saline County, Arkansas, service of the summons being made on the defendant's designated agent at Stuttgart. The plaintiff obtained a judgment, which the Supreme Court of the State affirmed, 169 Ark. 748; and the defendant brought the case here on writ of error.

The Arkansas statutes require actions of this character, if against a domestic corporation, to be brought in a county where it has a place of business or in which its chief officer resides, and, if against a natural person, in

a county where he resides or may be found; but they broadly permit such actions, if against a foreign corporation, to be brought in any county in the State. Crawford & Moses Digest 1921, §§ 1152, 1171, 1176, 1829; *Jacks v. Central Coal and Coke Co.*, 156 Ark. 211.

Another statute (§ 1174) permits both foreign corporations and persons residing out of the State to be sued in any county in which they have property, or debts owing to them. Attachment and garnishment proceedings and some others may be had under it. But it concededly is without application here and may be put aside. The defendant neither had any property nor owned any debts in the county where it was sued.

By a timely motion to dismiss, the defendant objected to being sued in Saline County and assailed the validity of the statutes, in so far as they permit a foreign corporation to be sued in a county where it does no business and has no office, officer, or agent, on the ground that they are unreasonably discriminatory and arbitrary, and therefore in conflict with the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. The court of first instance upheld the validity of the statutes and accordingly overruled the motion; and the Supreme Court approved that ruling.

Thus the statutes were applied as permitting the defendant, a foreign corporation doing business in one county, to be sued in another county, where it did no business and had no office, officer or agent, on a cause of action which arose in the former. Other counties lay between the two, making the distance from the defendant's place of business to the place of suit 75 miles by railroad and a few miles less by public roads. This of course tended to increase materially the burden otherwise incident to presenting a defense.

It is conceded that the statutes neither permit a domestic corporation to be sued in a county in which it

does no business and has no office, officer or agent, nor permit a natural person to be sued in a county in which he does not reside and is not found. On the contrary, they confine the admissible venue as to both to counties in which the defendant is present in one of the ways just indicated. But a foreign corporation is differently treated. If it be present in a single county, as by having a place of business there, it is made subject to suit not merely in that county, but in any of the 74 other counties although it be not present in them in any sense.

We think it very plain that the statutes discriminate against foreign corporations and in favor of domestic corporations and individuals, and that the discrimination is not theoretical merely, but real and substantial.

The clause in the Fourteenth Amendment forbidding a State to deny to any person within its jurisdiction the equal protection of the laws is a pledge of the protection of equal laws, *Truax* v. *Corrigan,* 257 U. S. 312, 333; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Vosburg,* 238 U. S. 56, 59, and extends as well to corporate as to natural persons, *Smyth* v. *Ames,* 169 U. S. 466, 522; *Gulf, Colorado & Santa Fe Ry. Co.* v. *Ellis,* 165 U. S. 150, 154; *Santa Clara County* v. *Southern Pacific R. R. Co.,* 118 U. S. 394, 396. It does not prevent a State from adjusting its legislation to differences in situation or forbid classification in that connection; but it does require that the classification be not arbitrary but based on a real and substantial difference having a reasonable relation to the subject of the particular legislation. *Truax* v. *Corrigan, supra,* p. 337; *Gulf, Colorado & Santa Fe Ry. Co.* v. *Ellis, supra,* 155; *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 78; *Ft. Smith Light & Power Co.* v. *Board of Improvement, ante,* p. 387.

No doubt there are subjects as to which corporations admissibly may be classified separately from individuals and accorded different treatment, and also subjects as to

which foreign corporations may be classified separately from both individuals and domestic corporations and dealt with differently. But there are other subjects as to which such a course is not admissible, the distinguishing principle being that classification must rest on differences pertinent to the subject in respect of which the classification is made.

Here the separate classification of foreign corporations is in respect of the venue or place of bringing transitory actions. The statutes mean foreign corporations doing business within the State by her permission, and therefore having a fixed place of business therein and a resident agent on whom process may be served. We speak only of them. So far as their situation has any pertinence to the venue of transitory actions it is not distinguishable from that of domestic corporations and individuals. Certainly there is no substantial difference. The opinion of the state court does not point to any relevant distinction, nor have counsel suggested any. Of course the restricted venue as to domestic corporations and individuals is prompted by considerations of convenience and economy; but these considerations have equal application to foreign corporations. So far as the plaintiffs in such actions are affected, it is apparent that there is no more reason for a statewide venue when the action is against a foreign corporation than when it is against a domestic corporation or a natural person. So we conclude that the special classification and discriminatory treatment of foreign corporations are without reasonable basis and essentially arbitrary.

The state court put its decision on the ground that venue is a question of procedure which the State may determine; and counsel for plaintiff advance the further ground that the defendant impliedly assented to the venue provisions by seeking and obtaining permission to do business within the State, the provisions being then

on the statute book. But neither ground can be sustained.

It of course rests with the State to prescribe the venue of actions brought in her courts. But the exercise of this power, as of all others, must be in keeping with the limitations which the Constitution of the United States places on state action. Procedural statutes are not excepted, but must fall like others when in conflict with those limitations. This is illustrated in a recent case where a statute of Arizona forbidding the granting of injunctions in certain situations was held to be in conflict with the equal protection clause of the Fourteenth Amendment and invalid, notwithstanding a contention that it was merely a procedural provision excluding a particular remedy in equity but leaving remedies at law open, *Truax* v. *Corrigan, supra,* pp. 322, 330. Further illustration is found in a still later case where a Wisconsin statute subjecting foreign corporations to a burdensome procedural requirement not laid on other litigants was pronounced invalid under the same constitutional provision, *Kentucky Finance Corporation* v. *Paramount Auto Exchange Corporation,* 262 U. S. 544. And on turning to state decisions we find direct rulings that venue provisions must conform to the equal protection clause and are invalid where they discriminate arbitrarily against either individuals or corporations, *Grocers' Fruit Growing Union* v. *Kern County Land Co.,* 150 Cal. 466, 474–475; *McClung* v. *Pulitizer Publishing Co.,* 279 Mo. 370.

The case of *Cincinnati Street Ry. Co.* v. *Snell,* 193 U. S. 30, is cited as if venue provisions were there held to be beyond the reach of the equal protection clause. But this is a strained and inadmissible interpretation. That was an action by an individual against a corporation which was begun, conformably to a general statutory require- ment, in the county where the defendant had its prin- cipal office and was engaged in business. Another stat-

ute authorized the court to change the venue in such an action " to the adjacent county most convenient to both parties " if it appeared that the corporation had more than fifty local stockholders, and if it was also shown by the affidavit of the other party, supported by five credible citizens, that he could not have a fair and impartial trial in the county where the suit was begun. A showing was made which brought the case within the statute; and the court changed the venue over the defendant's objection that the statute operated unequally and was invalid in that it permitted the other party but not the corporation to secure the change. The statute doubtless proceeded on the assumption, first, that a corporation with many local stockholders might have such influence in the county that the other party would be at a serious disadvantage, unless provision were made whereby the court, on an adequate showing, might change the place of trial to another county free from such influence and as convenient as might be to both parties, and, secondly, that the corporation was not likely to suffer any prejudice in its home county through having many stockholders there. At all events the difference in the situation of the parties and the relation of that difference to the matter of changing the place of trial were such that it could not be said of such discrimination as was shown in the statute that it was without a reasonable and adequate basis. The opinion affirmatively shows that the defendant was not objecting to the place designated by the court for the trial, but only that the statute did not accord it an equal opportunity to secure a change from the county where the action was begun. When the opinion is examined with the actual situation in mind it has little bearing on the case now before us.

The contention advanced by counsel for the plaintiff that the defendant impliedly assented to the venue pro-

visions is answered and refuted by repeated decisions holding that a foreign corporation by seeking and obtaining permission to do business in a State does not thereby become obligated to comply with or estopped from objecting to any provision in the state statutes which is in conflict with the Constitution of the United States. The principal cases are cited and reviewed in *Hanover Insurance Co.* v. *Harding,* 272 U. S. 494, 507, *et seq.,* and *Frost Trucking Co.* v. *Railroad Commission of California,* 271 U. S. 583, 594, *et seq.* To them may be added the case of *W. W. Cargill Co.* v. *Minnesota,* 180 U. S. 452, 468, where it was held that "the acceptance of a license, in whatever form, will not impose upon the licensee an obligation to respect or to comply with any provisions of the statute . . . that are repugnant to the Constitution of the United States."

We accordingly reach the conclusion that the defendant's objection before stated to the validity of the venue provisions was well taken and should have been sustained under the equal protection clause of the Fourteenth Amendment.

*Judgment reversed.*

Mr. Justice Holmes, dissenting.

In order to enter into most of the relations of life people have to give up some of their Constitutional rights. If a man makes a contract he gives up the Constitutional right that previously he had to be free from the hamper that he puts upon himself. Some rights, no doubt, a person is not allowed to renounce, but very many he may. So we must go further than merely to point to the Fourteenth Amendment. I see nothing in it to prevent a foreign corporation agreeing with the State that it will be subject to the general law of torts and will submit to a transitory action wherever it may be sued. That the

venue for suits against domestic corporations is limited by statute seems to me not enough to invalidate its assent. Every contract is the acceptance of some inequality—and under our decisions I think it cannot be denied that the plaintiff in error did contract. *Pennsylvania Fire Insurance Co.* v. *Gold Issue Mining & Milling Co.*, 243 U. S. 93, 96. The jurisdiction of the Court would have been unquestionable if it had not been objected to, and I do not see why consent could not be manifested by contract as well as by silence. While we adhere to the rule that a State may exclude foreign corporations altogether it seems to me a mistake to apply the inequality clause of the Fourteenth Amendment with meticulous nicety. The Amendment has been held not to overthrow ancient practices even when hard to reconcile with justice. I think there are stronger grounds for not reducing the power of the States to attach conditions to a consent that they have a right to refuse, when there is no attempt to use the conditions to invade forbidden fields.

Apart from the contract of the corporation there seems to me a ground for discrimination that ought to be respected when it has satisfied the State. A statute has to be drawn with reference to what is usual and probable. A foreign corporation merely doing business in the State and having its works elsewhere will be more or less inconvenienced by being sued anywhere away from its headquarters, but the difference to it between one county and another is likely to be less than it will be to a corporation having its headquarters in the State. So I repeat that in my opinion the plaintiff in error cannot complain if the State holds it liable to a transitory action wherever it may be served and sued, as it would have been liable at common law.

MR. JUSTICE BRANDEIS concurs in this opinion.