Addys **BROWN, Hazel Brown Ricks, Brownie W. Ledbetter, Grainger Williams II, June Hoes Williams, and Quendy Veatch, Plaintiffs,**

v.

**TEXARKANA NATIONAL BANK, Defendant.**

No. LR–C–94–583.

United States District Court,
E.D. Arkansas,
Western Division.

June 12, 1995.

S. Wooten Epes, Jr., Kutak Rock, Little Rock, AR, for plaintiffs.

Larry W. Burks, Friday, Eldredge & Clark, Little Rock, AR, for defendant.

## ORDER

ROY, District Judge.

■ The defendant removed this matter to this Court from the Chancery Court of Pulaski County. Pending at the time of the removal was defendant Texarkana National Bank's ("the Bank") Motion to Dismiss for improper venue. The bank renewed that motion once the case was before this Court. The motion must be addressed by this Court because if venue was not proper before the Pulaski County Chancery Court, then this Court has not "acquired" jurisdiction pursuant to the removal. "In a removed case the federal court has only such jurisdiction as was possessed by the State court from which the action was removed, and if the State court lacked jurisdiction by reason of improper venue under State statutes, the federal court acquires none on the removal." *Cobb v. National Lead Co.*, 215 F.Supp. 48, 51 (E.D.Ark.1963).

\*    \*    \*    \*    \*    \*

The pertinent facts are well known by the parties, are largely not in dispute, and will not be recounted in this order. Suffice it to say that the Bank is now the Trustee for a family Trust and the plaintiffs are the beneficiaries. The plaintiffs believe that the Bank's conservative investment policies and practices have so hampered the returns on the Trust's assets that the Bank, as Trustee, is guilty of negligence and they have accordingly sued the Bank.

The plaintiffs filed in Pulaski County and effected service on the Bank's designated agent by mailing the summons and petition to him in Miller County, Arkansas.[1] It

---

1. For the benefit of the uninformed reader, Texarkana, U.S.A., "the city that's twice as nice," is more or less bisected by the Arkansas–Texas border. In fact, a long stretch of U.S. Highway 71 passing through the city runs precisely atop the boundary line and is properly known as State Line Avenue. Everything west of the center stripe is in Bowie County, Texas while all things east are in Miller County, Arkansas.

Even the federal courthouse straddles the border with the northbound lanes of State Line veering around the Arkansas side of the building and the southbound lanes veering around the Texas side. Each wing has its own courtroom, though frequently Arkansas cases are tried on the Texas side, and vice-versa, due to scheduling problems (or faulty air conditioning). Any jurisdictional objections are tacitly "waived" by the parties.

The east side of the city, i.e. Texarkana, Arkansas, is perhaps unsurpassed in the nation in *per capita* production of brothers who have ascended

should be noted that the Bank's principal place of business is located in Texarkana, Bowie County, Texas. It is authorized to do business in Arkansas and has a registered agent in Texarkana, Miller County, Arkansas.[2] However, it owns no property in either Miller County or Pulaski County, Arkansas, and does not have a branch or other place of business in Pulaski County.

The Bank contends that it is unfair and illegal to require it to defend this lawsuit in Pulaski County. Arkansas venue statutes have long favored the convenience of the defendant over that of a plaintiff.

> The underlying policy as to venue in this state is that every defendant should be liable to suit only in the county of his residence or place of business, unless for other policy reasons there are statutes to the contrary. This basic policy has always been considered as primary in construction of venue statutes, and properly so, unless other statutes are clearly in conflict with that basic policy.

*Ozark Supply Co. v. Glass,* 261 Ark. 750, 552 S.W.2d 1, 2 (1977) (internal citation omitted). *See also Prairie Implement v. Circuit Court,* 311 Ark. 200, 844 S.W.2d 299, 299 (1992).

To fix venue in Pulaski County, the plaintiffs rely on Arkansas' so called "catch-all" venue statute, Ark.Code Ann. § 16–60–116(a) (1987), which reads in pertinent part as follows: "(a) Every other action may be brought in any county in which the defendant ... resides or is summoned." Plaintiffs concede that no other venue statute applies and the Court must concur.

For example, A.C.A. § 16–60–104 concerns actions "against a corporation created by the laws of this state," i.e., an Arkansas corporation. The Bank is not an Arkansas corporation. Section 16–60–105 concerns actions against an entity "engaged in business in this state which has or maintains more than one

(1) office or place of business *in this state.*" Defendant has no place of business in this state.

■ Section 16–60–108 does provide that actions "against ... a foreign corporation, may be brought in any county in which there may be property of or debts owing to the defendant," but does not control venue when, as is the case in the matter before the court, the foreign corporation is doing business in this state and has a registered agent for accepting process. To construe the statute otherwise "would render it unconstitutional under *Power [Manufacturing Co. v. Saunders,* 274 U.S. 490 [47 S.Ct. 678, 71 L.Ed. 1165] (1927) (reversing 169 Ark. 748, 276 S.W. 599).]" *Cavette v. Ford Motor Credit Co.,* 260 Ark. 874, 545 S.W.2d 612 (1977). In any event, even if applying § 16–60–108 to the Bank were constitutional, venue would not properly lie in Pulaski County because the Bank has no property there.

The Court concludes that proper venue must be found under § 16–60–116(a) or not at all.

\*  \*  \*  \*  \*  \*

As stated above, § 16–60–116(a) states in pertinent part: "Every other action may be brought in any county in which the defendant ... *resides or is summoned.*" (emphasis added) The plaintiffs concede that the Bank does not reside in Pulaski County, arguing instead that the defendant was summoned there.

■ Specifically, they assert that the act of mailing the summons from Pulaski County to the registered agent in Texarkana constituted "summoning" the Bank in Pulaski County.

> Based on Ark.Stat.Ann. § 16–58–119 (1987) and Ark.R.Civ.P. 4(e)(3), TNB [the Bank] was properly served with the Petition when counsel for the Beneficiaries

---

**2.** The Bank's registered agent at all times pertinent was a bank vice-president who lived in Miller County, Arkansas. It was his home address that the Bank used on its registration papers filed with the Arkansas Secretary of State.

When the plaintiffs mailed the summons and petition to the agent, counsel sent them to him at the Bank's address in Bowie County, Texas rather than to him at his home address in Miller County, Arkansas. The Court will assume for the purposes of this order that the agent was properly served.

mailed the Petition from Pulaski County, by certified mail, return receipt requested to TNB's registered agent. Therefore, TNB was "summoned" in Pulaski County, Arkansas.

*Plaintiff's brief at 8.*

The Court finds this argument lacking for several reasons. First of all, there is no language in either Rule 4(e), Arkansas' rule of procedure dealing with service, or A.C.A. § 16–58–119, a statute addressing the effecting of service on out of state defendants, suggesting that being "summoned" occurs when the summons is mailed rather than when it is received. Nowhere in Rule 4(e) or § 16–58–119 is any form of the word "summon" used as a verb; *i.e.*, it is never used to described the act of effecting service of process, nor is it ever used to describe the act of issuing a summons or of placing same in the mail. Instead, "summons" is *always* used as a noun to describe the paper(s) which accompany a complaint or petition warning the defendant of his duty to appear and answer in a timely manner.[3] The act of legally receiving the summons is always described as being "served."

The Court concludes that Rule 4 and statute 16–58–119 offer little or no guidance as to what meaning to give the term "is summoned" except perhaps to suggest that the conspicuous absence of the term from the rule of procedure dealing with service and the statute addressing the effecting of service on out of state defendants weighs in favor of concluding that the term was meant to have the same meaning as "is served."

Second, the Court examines the language of § 16–60–116(a) itself, keeping in mind Arkansas' long-stated and consistently followed public policy "as to venue ... that every defendant should be liable to suit only in the county of his residence or place of business, unless ... there are statutes to the contrary." *Ozark Supply*, at 2. Sub-section 116(a) can fix venue either where a defendant resides or "is summoned." It is clear that the policy makers thought it best to require, at least in most cases, that a defendant have some tie to the county where venue would lie.

The tie for one who resides or makes his (or its) business there is self evident. With regard to one who "is summoned," the Court must decide which of the two proposed definitions of that term suggests a link between the county and the defendant.

If one is found in a county and served there, then it might fairly be inferred that the person or business has *some* connection to that county. Thus, equating "is summoned" with "is served" makes some sense when considering the venue statute in light of public policy. On the other hand, construing "is summoned" to mean simply placing the summons in the mail suggests no link between the defendant to be served and the county.

■ The Court believes that the intent of the drafters of § 16–60–116(a) was to require that the defendant be linked to the county either by being located there or by having had service *effected* on him (or it) there. Clearly, service is not effected until the summons is *delivered* or refused. A.R.Civ.P. 4(d). This includes service made or attempted by mail. Rule 4(d)(8). Simply mailing a summons does not automatically lead to service being effected. Indeed, many summons are returned undelivered because the address proves faulty. The Court knows of no reason why the legislature would have a statute fixing venue in a county simply because service was attempted but not necessarily effected. Certainly, such unsuccessful service when attempted by mail can not be the basis of a default judgment being entered against a party. Rule 4(d)(8)(A).

Along the same public policy vein, the plaintiffs' proposed construction of § 16–60–116(a) would create "an exception which would swallow the rule" regarding this public policy. In other words, any defendant could be dragged into any county to defend an action simply by mailing the defendant his summons from that particular county. Such a construction would be a radical departure from Arkansas public policy. As the Supreme Court concluded in *Ozark Supply:*

---

**3.** The word is used in this way 27 times in Rule 4 alone.

No basis for an exception to the overriding policy as to venue in this situation is apparent here.

We are of the firm opinion that the General Assembly would have spoken in language clear enough to leave no doubt about its intention to override the state's primary policy in fixing venue, if it had intended to do so.

552 S.W.2d at 3.

Of course, plaintiffs can somewhat blunt the "radical departure from public policy" argument by arguing that their novel interpretation of the phrase "is summoned" only applies to out of state defendants. There are two problems with such a position.

■ First, there is nothing in the language of § 16–60–116(a) distinguishing between in-state and out-of-state defendants. Furthermore, there is nothing in its language even remotely suggesting that one of its key phrases should be interpreted one way for in state defendants and another way for those out of state. Second, even if such an inference could be made, to interpret the statute in that manner would run afoul of the Equal Protection Clause of the Constitution, *a la Power Manufacturing Co. v. Saunders*, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165 (1927) (reversing 169 Ark. 748, 276 S.W. 599). "[V]enue cannot be laid against a foreign corporation in any county where the venue would not be proper in a suit against a domestic corporation or a resident individual." *Id.*

Finally, and perhaps of even more importance, there is the conspicuous absence of plaintiffs' suggested interpretation of "is summoned" anywhere in applicable caselaw. On the other hand, in a case discussing improper venue which involved two out of state defendants and an in-state defendant in another county, the Arkansas Supreme Court wrote, "[i]t is also obvious that there was no intention to make the county from which the summons *issues,* in an action in which jurisdiction is based on the [long arm statute[4]] the county of service." *Ozark Supply Co. v. Glass,* 261 Ark. 750, 552 S.W.2d 1, 3 (1977) (emphasis added). The Court later added,

" '[i]ssuance of summons' and 'service of summons' are by no means synonymous." *Id.* The Supreme Court's reasoning on this point seems equally applicable here.

\* \* \* \* \* \*

For the reasons set out above, the Court concludes that the phrase "is summoned" as contained in A.C.A. § 16–60–116(a) should be read to mean "is served." Because defendant's agent was served in Miller County, and not in Pulaski County, venue was not fixed in Pulaski County by said statute. Having found that venue was not properly fixed in Pulaski County, the Court concludes that its jurisdiction is lacking and this action must accordingly be, and hereby is, dismissed without prejudice to plaintiffs' right to refile the matter in a court of proper jurisdiction and venue.

IT IS SO ORDERED.

### *JUDGMENT*

In accordance with the Order entered this same date, judgment is entered in favor of the defendant and the plaintiff's complaint is dismissed without prejudice.

---

4. This statute is now codified at A.C.A. § 16–4–101. At the time *Ozark Supply* was decided, it was found at Ark.Stat.Ann. § 27–2502.