MILLSAP v. WILLIAMS, JUDGE.

5-2970

366 S. W. 2d 705

Opinion delivered April 8, 1963.

[Rehearing denied May 6, 1963.]

*Warren & Bullion,* for appellant.

*Sexton & Morgan,* for appellee.

SAM ROBINSON, Associate Justice. This is a prohibition procedure wherein petitioners, I. Hal Millsap, Jr. and Millsap Oil & Gas Company, a Delaware Corporation, seek a Writ of Prohibition directed to the Honorable Paul X. Williams, Chancellor of the Logan Chancery Court, to prevent the trial of an action in Logan County wherein Herman Swartz, et al, are palintiffs, and petitioners herein are named as defendants. The petition for prohibition alleges that the Chancery Court of Logan County does

not have proper venue and does not have jurisdiction of the subject matter.

The Complaint alleges that the defendants induced the plaintiffs to purchase stock in the Millsap Oil & Gas Company by false, fraudulent, and untrue representations; that the corporation is now insolvent; and the complaint asked that a receiver be appointed for the corporation and an accounting be had, and that plaintiffs recover judgment against the individual defendants.

On September 24, 1961, summons was issued to the Sheriff of Pulaski County for I. Hal Millsap, Jr., I. Hal Millsap, Sr., and for the Millsap Oil & Gas Company. The Sheriff served copies of each on Nancy J. Hall, Secretary of State. On October 3, 1961, a motion was filed to quash the summons. On July 27, 1962, summons was issued to the Sheriff of Benton County for I. Hal Millsap, Jr., I. Hal Millsap, Sr., and Millsap Oil & Gas Company. The return shows service on I. Hal Millsap, Jr. as agent for the corporation. On July 30, 1962, another summons was issued for I. Hal Millsap, Jr. and the return shows he was served in Benton County.

At a hearing on the motion to quash the service of summons it developed that the corporation's authority to do business in this state had been revoked. It was also shown that parties living in Logan County may be indebted to the corporation. The trial court overruled the motion to quash. The petition here for prohibition followed.

Respondents base their right to maintain the action in Logan County on Ark. Stats. 27-608, which provides: ''An action, other than one of those mentioned in sections 84, 85, and 90 [§§ 27-601—27-603], against a non-resident of this State, or a foreign corporation, may be brought in any county in which there may be property of or debts owing to the defendant.''

Since it appears that the defendant corporation is not authorized to do business in this state, the above statute is applicable if there is property of or debts owing to

the corporation in Logan County. There appears to be considerable controversy as to whether such debts exist. It is a question of fact. In *Twin City Lines, Inc.* v. *Cummings,* 212 Ark. 569, 206 S. W. 2d 438, it is pointed out that where the jurisdiction of the trial court depends on a question of fact, prohibition will not lie, citing *Crowe* v. *Futrell,* 186 Ark. 926, 56 S. W. 2d 1030; *Terry* v. *Harris,* 188 Ark. 60, 64 S. W. 2d 80; *LaFargue* v. *Waggoner,* 189 Ark. 757, 75 S. W. 2d 235 *Chapman & Dewey Lumber Co.* v. *Means,* 191 Ark. 1066, 88 S. W. 2d 829.

But petitioners also contend that Ark. Stats. 27-608 is not applicable here, because the corporation has a place of business or an office in Arkansas where service of summons may be obtained against an agent of the corporation; that the applicable statute is 27-347, dealing with service on foreign corporations. A question of fact is again involved. I. Hal Millsap, Jr. testified:

"Q. Where is the office of Millsap Oil & Gas Company?

A: The books and stock records are kept in Rogers by the Barclay Accounting Company.

Q: Where were the books and records on September 21, 1961?

A: Rogers, Arkansas.

Q: Millsap Oil & Gas Company has an office at Siloam Springs?

A: No, Sir. Only wherever I happen to be is the office. No furniture. I answer the correspondence through my office from Siloam Springs."

Petitioners further contend that the Chancery Court of Logan County has no jurisdiction to appoint a receiver for the corporation, and cite *Macon* v. *LeCroy,* 174 Ark. 228, 295 S. W. 31. But in that case the court said: "The Central company is a foreign corporation, and the courts of this State have no authority to dissolve and wind up its business; the rights of courts of equity in this State are limited to taking charge of the property within the juris-

diction of the court and enforcing the rights of creditors here. *Dickey* v. *Southwestern Surety Ins. Co.,* 119 Ark. 12, 173 S. W. 398, Ann. Cas. 1917B, 634, and cases cited." Of course, a court of equity could take charge of property in its jurisdiction only through a receiver.

I. Hal Millsap, Jr. also argues that the action can be maintained against him only in the county in which he was served with summons. In this case, the Millsaps and the corporation are made joint defendants. I. Hal Millsap, Jr. was served in Benton County. It is possible that a judgment against him would be good, but if an invalid judgment is rendered against him he has an adequate remedy by appeal.

The petition for prohibition is denied.