Pacific Insurance Co. of New York *v.* Droddy

5-3824                                     400 S. W. 2d 673

Opinion delivered March 28, 1966

*Crumpler & O'Connor, Richard H. Mays,* for appellant.

*Brown, Compton & Prewett,* for appellee.

Ed. F. McFaddin, Justice. The question here posed is that of venue for an action by a sub-contractor against the surety on a contractor's performance bond for public works. See Act No. 351 of 1953, as amended by Act No. 209 of 1957 Ark. Stat. Ann. § 51-632 *et seq.* [Supp. 1965]). See *Sweetser Const. Co.* v. *Newman Bros.,* 236 Ark. 939, 371 S. W. 2d 515.

In February 1964 R. L. Brewer Construction Company of Camden, in Ouachita County, obtained the contract for water and sewer improvements in the City of Waldo, in Columbia County; and executed a bond for $68,000.00, under the provisions of Act No. 351 of 1953. Pacific Insurance Company of New York (appellant) was the surety on the bond, which was duly recorded in Columbia County. The Construction Company sub-

contracted a portion of the work to J. Elmer Droddy of El Dorado, in Union County.

In December 1964 appellee Droddy filed the present action in the Union Circuit Court against the Pacific Insurance Company, alleging that the City of Waldo had made full payment to R. L. Brewer Construction Company of the contract price, and that R. L. Brewer Construction Company had failed to pay Droddy the full amount due him. The Pacific Insurance Company unsuccessfully objected to the venue of the Union Circuit Court;[1] and that issue of venue is the point now before us.

Thus, we must decide where is the proper venue for the action on a performance bond executed under Act No. 351 of 1953; that is, as between (a) the county wherein the bond was filed—Columbia County in this case; or (b) the county of the residence of the principal contractor—Ouachita County, in this case; or (c) the county of the residence of the plaintiff beneficiary of the bond —Union County, in this case. Unfortunately, the Act No. 351 contains no provision as to venue; and the general rule regarding venue of actions on public work bonds, as stated in 43 Am. Jur. 951, "Public Works and Contracts" § 206, is: "In the absence of any special statutory provision the jurisdiction of an action on the bond of a surety of the public contractor is determined by rules governing the jurisdiction of ordinary civil actions for damages." See also 92 C.J.S. p. 704, "Venue" § 16.

Our problem, here, is very much like that which confronted us in *Concrete, Inc.* v. *Arkhola Sand & Gravel Co.*, 228 Ark. 1016, 311 S. W. 2d 770. That case was an action under the "Unfair Practices Act" (Ark. Stat. Ann. § 70-301 *et seq.* [Repl. 1957]), which con-

---

[1]The Union Circuit Court denied the plea of venue; the cause was tried to a jury; and a verdict was rendered for Droddy for $1500.00 plus penalty, interest, and attorney fees; but the appellant preserved its objections to venue, and that is the question here before us.

tained no provision for venue; and we were forced to apply the general statute for venue in actions against corporations. In the case at bar, the action is against a foreign insurance company; but the appellant contends that this is not an action on an insurance policy, as such, but an action against a surety on a bond.

The question of venue has given us much concern; and it is hoped that the Legislature will see fit to definitely fix venue in actions by beneficiaries (as is the appellee) on performance bonds under the Act No. 351. Certainly the Legislature, in enacting the Act No. 351, intended for venue to be somewhere. It was possibly thought at that time that venue would be determined by our holding in *American Fidelity & Casualty Co.* v. *McKee,* 198 Ark. 601, 130 S. W. 2d 12, to be either in the county of the residence of the plaintiff, or the county in which the bond was filed. But, after the Act No. 351 of 1953 was adopted, the Legislature adopted Act No. 148 of 1959, which repealed a vast number of statutes and changed the statute relied on as a venue statute in *American Fidelity & Casualty Co.* v. *McKee (supra).*

As best we can find, the Act No. 148 of 1959 contains only one section regarding venue in actions against insurance companies, and that is found in Ark. Stat. Ann. § 66-3234 (Repl. 1966), the germane portion of which reads: ''An action brought in this State by or in behalf of the insured or beneficiary against an insurer as to a loss occurring or benefits or rights provided under an insurance policy . . . . shall be brought in either (a) the county in which the loss occurred. . . .or (b) the county of the insured's residence at the time of the loss.'' In order to make the quoted language determinative of venue in Union County in the case at bar, we would have to hold that this was an action on an insurance policy and that Droddy was both the insured and the beneficiary under the policy.

If the foregoing section on venue should not govern an action like this one, then the provisions of

538

Ark. Stat. Ann. § 27-608 (Repl. 1962) would have to govern, because the defendant is a foreign corporation and that section says: ''An action . . . . . against a non-resident of this State or a foreign corporation may be brought in any county in which there may be property of or debts owing to the defendant.''

We cannot say that the Trial Court was in error in holding that the venue on the bond in this case was in Union County.

Affirmed.