James M. CAVETTE v. FORD MOTOR CREDIT COMPANY

76-208                                          545 S.W. 2d 612

Opinion delivered January 17, 1977
(Division II)

*Mike J. Etoch, Jr.,* for appellant.

*Griffin Smith* and *W. R. Nixon, Jr.,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal is from a judgment quashing service of process for improper venue. Appellant Cavette brought suit against appellee Ford Motor Credit Company in the Circuit Court of Phillips County alleging conversion of a 1975 Ford truck, in which appellee had a security interest, by taking it in the nighttime.

Summons was issued, directing the Sheriff of Pulaski County to serve it on appellee by serving The Corporation Company at 620 West Third Street in Little Rock. The return of the Sheriff of Pulaski County recites that it was served by delivering a copy to Jan Zanoff, assistant secretary to The Corporation Company, statutory agent for the service of process. After this summons had been served as directed, appellee filed a motion to quash the service upon the ground that Phillips County was not the proper venue for the action against appellee, a foreign corporation with its only place of business in Pulaski County. The circuit court granted the motion, finding that Ford Motor Credit Company was a foreign corporation, domiciled in Michigan, with its principal place of business at Dearborn, Michigan, but duly licensed to do business in the State of Arkansas; that service was had on appellee's designated agent for service in Pulaski County; and that appellant had alleged that he was indebted to appellee for the purchase price of the truck.

Both of appellant's points for reversal rest upon the premise that venue in Phillips County is proper under 'Ark. Stat. Ann. § 27-608 (Repl. 1962), and for the purposes of this opinion we will assume that there was property of, or debts owing to, Ford Motor Credit Corporation, in Phillips County. Even so, there seems to be no question about the status of Ford Motor Credit Company as a foreign corporation authorized to do business in Arkansas.

We can agree with appellant that, for *garnishment* purposes, the situs of his debt to appellee could be taken to be in Phillips County under the holding in *St. Louis Southwestern Ry. Co. v. Vanderberg*, 91 Ark. 252, 120 S.W. 993, cited by appellee. But this fact does not control the venue under our statutes except where service on the defendant is constructive. See *Jacks v. Central Coal & Coke Co.*, 156 Ark. 211, 245 S.W. 483, where this section was invoked by a foreign corporation as fixing the venue in a personal injury action. Appellant argues that Ark. Stat. Ann. § 27-605 (Repl. 1962) fixing venue for a domestic corporation in the county in which it is situated or has its principal office or place of business or in which its chief officer resides is complimented by § 27-608 as to foreign corporations. But this would decidedly differentiate

between foreign and domestic corporations as to venue of identical causes of action. Such a differentiation in an Arkansas statute has been held to unconstitutionally discriminate against, and deny equal protection of the laws to, foreign corporations. *Power Manufacturing Co. v. Saunders,* 274 U.S. 490, 47 S. Ct. 678, 71 L. Ed. 1165 (1927), reversing 169 Ark. 748, 276 S.W. 599. We have continually and repeatedly recognized the impact of *Power* in our venue statutes. See *Chapman & Dewey Lumber Co. v. Bryan,* 183 Ark. 119, 35 S.W. 2d 80; *Anheuser-Busch v. Manion,* 193 Ark. 405, 100 S.W. 2d 672; *Crutchfield v. McLain,* 230 Ark. 147, 321 S.W. 2d 217; *B-W Acceptance Corp v. Colvin,* 252 Ark. 306, 478 S.W. 2d 758. In the last case cited we stated the full impact of *Power,* saying:

> *** Consequently, venue cannot constitutionally be laid against such a foreign corporation in any county where the venue would not be proper in a suit against a domestic corporation or a resident individual.

Apparently, we have not otherwise specifically considered § 27-608 in the light of *Power,* probably because of the *Jacks* decision and because of *Millsap v. Williams,* 236 Ark. 416, 366 S.W. 2d 705, where we held it applicable to a corporation not authorized to do business in Arkansas, but did not decide whether, in view of Ark. Stat. Ann. § 27-347 (Repl. 1962), it controlled venue when the foreign corporation has a place of business or office in this state where service of summons may be had. Appellant argues, however, that no other venue statute applies to foreign corporations in actions in personam and that, in spite of *Power,* the state may make a reasonable classification, even in venue statutes, to adjust its laws to fit particular situations, so long as the classification is not arbitrary, relying upon *Kelso v. Bush,* 191 Ark. 1044, 89 S.W. 2d 594. But *Kelso* involved an individual non-resident defendant who had no place of business or domicile at which to fix local venue or by which her status might be compared with that of a domestic corporation or natural person and we found the difference between her situation and that of the foreign corporation in *Power* to be substantial and controlling. The same rationale might well be applied to a foreign corporation not authorized to do business in Arkansas. But we see no indication that the rule of *Power* relating to foreign cor-

porations doing business within the state by her permission and having a place of business and a resident agent on whom process may be served does not govern here. According to *Power* the situation of a corporation authorized to do business in the state is not distinguishable from that of a domestic corporation or individual insofar as venue of transitory actions is concerned.

Furthermore, we do not agree with appellant that there is no venue statute as to actions against a corporation such as appellee in the absence of § 27-608. We have held that venue statutes such as Ark. Stat. Ann. §§ 27-613, 614, 615 are applicable to corporations, both foreign and domestic. *Harger v. Oklahoma Gas & Electric Co.*, 195 Ark. 107, 111 S.W. 2d 485, cert. den. 304 U.S. 569, 58 S. Ct. 1038, 82 L. Ed. 1534; *International Harvester Co.* v. *Brown*, 241 Ark. 452, 408 S.W. 2d 504; *Mack Trucks of Arkansas, Inc.* v. *Jet Asphalt & Rock Co.*, 246 Ark. 101, 437 S.W. 2d 459.[1] However desirable it might seem to construe § 27-608 as appellant would have us do, we must construe it in a manner that would not render it unconstitutional, if reasonably possible to do so. *Arkansas Department of Labor* v. *American Employment Agency*, 257 Ark. 509, 517 S.W. 2d 949; *Gibbs* v. *State*, 255 Ark. 997, 504 S.W. 2d 719; *Stone* v. *State*, 254 Ark. 1011, 498 S.W. 2d 634. To construe the act as appellant does would render it unconstitutional under *Power*. We must therefore adhere to the position that this statutory provision does not fix venue where a foreign corporation is authorized to do business in Arkansas.

The judgment is affirmed.

We agree. HARRIS, C.J., ROY and HICKMAN, JJ.

---

[1] Dictum in this case which indicates that a foreign corporation might have been sued in a county in which it had property or there were debts owing to it should be disregarded, insofar as it may be taken to indicate that venue may be laid under it in an action in personam against such a corporation which has been authorized to do business in Arkansas. There is also dictum in *Pacific Insurance Company of New York* v. *Droddy*, 240 Ark. 535, 400 S.W. 2d 673 which should not be considered as authority for venue in actions such as this.