RAY ROSS CONSTRUCTION CO., INC
and AMERICAN INSURANCE COMPANY
*v.* Eugene RANEY

79-124                                        587 S.W. 2d 46

Opinion delivered October 1, 1979
(Division II)

*Jake Brick,* for appellants.

*Bill W. Bristow,* of *Seay & Bristow,* for appellee.

JOHN I. PURTLE, Justice. Appellants, a domestic corporation and its surety on a performance bond, a foreign corporation, were sued by a subcontractor of the domestic corporation on a contract arising out of the construction of a highway in Lawrence County, Arkansas. Both appellants were found liable on the subcontractor's claim and were assessed a penalty, interest and attorney's fee. Appellants contested venue and applicability of the penalty, interest and attorney's fee statute from the beginning.

Appellants contend on appeal that the trial court erred in fixing venue in Lawrence County and in applying the penalty statute to the amount recovered in this case. We agree with the learned trial judge that Lawrence County was the proper venue and that he correctly applied the penalty, interest and attorney's fee statute. Ray Ross does not question the ruling on interest, penalty and attorney's fee.

Ray Ross Construction Co., Inc. is a domestic corporation with its principal place of business in Crittenden County, Arkansas. American Insurance Company is a California corporation authorized to transact insurance and bonding business in the state of Arkansas. American became surety on a construction performance bond for Ray Ross on August 14, 1976. Eugene Raney, appellee, contracted with Ross to haul gravel to a job site in Lawrence County. American Insurance Company filed a copy of its surety bond in Lawrence County where the work was being done. Raney and Ross subsequently disagreed about the terms of the contract and it was terminated. Raney made demand on Ross for $10,309.87, which he alleged represented the amount due for hauling up to the date of termination of the contract. Ross

attempted to compromise the claim but Raney stood fast.

Raney filed suit against Ross and American, as surety on the bond, in the circuit court of Lawrence County for the amount of $10,309.87. He sought the penalty, interest and attorney's fee in the event the amount was not paid within 20 days. Included in this suit was a prayer for $3,824.69 for damages caused by breach of contract by Ross. Both appellants made a special appearance for the purpose of questioning venue. The court overruled the motion and without waiver the appellants answered. The same attorney represented Ross and American. At the trial the matter was submitted upon interrogatories and the jury awarded Raney the amount of $10,309.87 on the account and denied him anything for breach of contract damages. The interrogatories on these two items of damages were submitted separately. Based upon the interrogatories by the jury awarding Raney the full amount of $10,309.87, which he claimed due on the contract, the court added interest in the amount of $1,288.72, penalty in the amount of $1,237.17 and attorney's fee in the amount of $1,500.

The matter of venue in this case is a particularly troublesome one. We agree with the appellants that the general venue statutes, Ark. Stat. Ann. §§ 27-613, 27-614, 27-615, 27-621 and 27-622 (Repl. 1966), were not followed in this case. Therefore, we look to the only statutes which we think could give rise to venue in Lawrence County. Ark. Stat. Ann. § 66-2218 (Repl. 1966) states in part as follows:

> Each foreign insurer applying for a certificate of authority to transact business in Arkansas and every domestic reciprocal insurer shall file with the Commissioner an appointment of the Commissioner and his successor's in office, on a form as furnished by the Commissioner, as its attorney to receive service of legal process against it in this State.  . . .

Ark. Stat. Ann. § 66-3234 (1) (Repl. 1966) states in part as follows:

> (1) An action brought in this State by or in behalf of the

insured or beneficiary against an insurer as to a loss occurring or benefits or rights provided under an insurance policy or annuity contract shall be brought in either:

(a) The county in which the loss occurred, ...

(b) The county of the insured's residence at the time of the loss... .

Before deciding the question on venue in this case we first discuss the matter of penalty, interest and attorney's fee. Ark. Stat. Ann. § 66-3238 (Repl. 1966) states in part as follows:

In all cases where loss occurs and the cargo fire, marine casualty, fidelity, surety, cyclone, tornado, life, health, accident, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such person, firm, corporation and/or association shall be liable to pay the holder of such policy or his assigns, in addition to the amount of such loss, twelve per cent (12) damages upon the amount of such loss, together with all reasonable attorneys's fees for the prosecution and collection of said loss; . . .

We believe the case of *Vern Barnett Construction Co., Inc.*, v. J. A. Hadley Const. Co., 254 Ark. 866, 496 S.W. 2d 446 (1973), is controlling in this situation. In *Barnett* we stated:

We note that this statute has been applied to sureties on contractor's bonds by the Eighth Circuit Court of Appeals in *Trinity Universal Ins. Company* v. *Smithwick*, 222 F. 2d 16 and *Reid* v. *Miles Construction Corp.*, 307 F. 2d 214, where the sureties contended the proper demand to justify allowance of penalty and attorneys' fees had not been made.

In holding the provisions of Ark. Stat. Ann. § 66-3238

(Repl. 1966) applicable in this case, we do not ignore the argument of appellants that American did not resist the amount of the claim and that the only reason they did not pay was because their insured, Ross, refused to agree to such payment. Likewise, we do not ignore appellants' argument that American just went along with Ross and never really resisted payment of the claim. We disagree with the contention that such action by appellants did not contest the claim because the same attorney represented American and Ross. It cannot be disputed that the attorney vigorously resisted the claim. We cannot say that at any one time he was acting solely for one client instead of the other. We also notice that Ross admitted, in response to the complaint, it owed Raney the sum of $10,309.87. If it was admitted by Ross that this amount was owed, we cannot understand how they can refuse to pay it and still contend it was unresisted. Therefore, we agree that the trial court properly applied the provisions of Ark. Stat. Ann. § 66-3238 (Repl. 1966) in this case.

We return to the question of venue at this time. You will note that we held the penalty statute to apply and the basic reason for this is that it specifically mentioned "surety" in the statute. This term was used along with all the other terms relating to insurance. Now we turn back to the provisions of Ark. Stat. Ann. § 66-3234 (Repl. 1966). This statute applied to domestic as well as foreign corporations.

In 1966 we considered the case of *Pacific Insurance Co. of New York* v. *Droddy*, 240 Ark. 535, 400 S.W. 2d 673 (1966), and there in an action by a subcontractor against the surety on the contractor's performance bond held that venue lay in the county of the residence of the beneficiary of the bond, the subcontractor. There we may have seemed equivocal as to whether or not venue should be controlled by Ark. Stat. Ann. § 27-608 (Repl. 1966) or Ark. Stat. Ann. § 66-3234 (Repl. 1966). We expressed a hope that the General Assembly would see fit to definitely fix the venue in actions by beneficiaries on performance bonds. However, the General Assembly did not change the venue statute. Since we relied on Ark. Stat. Ann. § 66-3234 (Repl. 1966) in *Droddy,* we now hold that the residence of the beneficiary on the surety bond and the county in which the loss occurred are sufficient to es-

tablish venue on a subcontractor's complaint against a surety. We do not ignore *Cavette* v. *Ford Motor Credit Co.*, 260 Ark. 874, 545 S.W. 2d 612 (1977), where we stated that venue could not be had against a foreign corporation pursuant to Ark. Stat. Ann. § 27-608 (Repl. 1966). Thus it appears that *Cavette* made it clear that venue in *Droddy* was based upon Ark. Stat. Ann. § 66-3234 (Repl. 1966). For the above reasons we are of the opinion that Lawrence County was the proper venue when the action was brought in that county of the residence of the beneficiary and the place of the loss.

Affirmed.

We agree. HARRIS, C.J., BYRD and HOLT, JJ.