GENERAL ELECTRIC SUPPLY COMPANY *v.* The
DOWNTOWN CHURCH OF CHRIST, Stuart
Construction Co., Inc., La-Van Electric, Inc., and
American State Insurance Company

CA 87-331                                             746 S.W.2d 386

Court of Appeals of Arkansas
Division I
Opinion delivered March 16, 1988

*Robert C. Lowry*, for appellant.

*Bob Leslie* for appellees Stuart Construction Co., Inc., and American State Ins. Co.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from White County Circuit Court. Appellant, General Electric Supply Company, appeals the court's failure to award judgment against appellees, Stuart Construction Company, Inc. (hereinafter Stuart) and American States Insurance Company (hereinafter American) and its failure to award costs, penalty, interest and attorney's fees against American. We affirm in part, reverse in part, and remand.

Appellee Stuart was the prime contractor for The Downtown Church of Christ. Appellee American executed a performance and payment bond with Stuart as principal. Appellee La-Van Electric, Inc. (hereinafter La-Van) was a subcontractor to Stuart and received materials to use in the job from appellant. Appellant failed to receive payment and initiated this action. The action was voluntarily dismissed against The Downtown Church of Christ prior to trial. At trial, the court awarded judgment against appellee La-Van in the amount of $7,035.84. The court found in favor of appellees Stuart and American and dismissed the action against them. It is this finding of non-liability from which appellant appeals.

For reversal, appellant alleges that the court erroneously refused to grant judgment against Stuart and American and failed to award costs, penalty, attorney's fees and interest against American. We agree with part of its contentions.

■ In its point for reversal and in one sentence in its brief, appellant contends that the court erred in finding for appellee, Stuart. However, it fails to state any argument for reversal. Where an assignment of error is unsupported by convincing argument or citation of legal authority, the appellate court does not consider it on appeal unless it is apparent without further research that it is well taken. *Anderson v. Anderson*, 18 Ark. App. 284, 715 S.W.2d 218 (1986). For this reason, we affirm· as to appellee Stuart.

■ Appellant also contends that the trial court erred in failing to award judgment against American under the bond.

Findings of fact by a trial judge will not be set aside by the appellate court unless clearly erroneous. *Ark. Blue Cross & Blue Shield* v. *Fudge*, 12 Ark. App. 11, 669 S.W.2d 914 (1984).

With regard to American, the trial court stated in its findings of fact and conclusions of law that the general rule of law was that a surety's liability on a bond is limited to that of the principal. The court noted that an exception to that general rule exists where a direct cause of action can be maintained against the bonding company without making the principal a party. The court further stated that appellant could not have maintained a separate action in this case because (1) this did not involve a public construction, which would have precluded appellant from pursuing a statutory lien for labor and materials, and (2) appellant did not file a lien with the circuit clerk as prescribed by Arkansas Statutes Annotated § 51-631 (Supp. 1985). The court found that no exception existed to the general rule that a surety's liability cannot exceed that of its principal. Because the principal (Stuart) was found to have no liability, the court also found American not liable. We find this portion of the court's findings clearly erroneous.

Arkansas Statutes Annotated § 51-633 (Repl. 1971) is applicable in the present case and states:

> No contract in any sum exceeding $1,000 providing for the repair, alteration, or erection of any building, structure or improvement shall be entered into by any church, religious organization, charitable institution or by any agency of the foregoing, unless the contractor shall furnish to the party letting the contract a bond in a sum equal to the amount of the contract.

The bonding of a church construction job is mandatory under the statute. Arkansas Statutes Annotated § 51-635 (Repl. 1971) requires that the bond "be conditioned that the contractor shall faithfully perform his contract, and shall pay all indebtedness for labor and materials furnished or performed in the repair, alteration or erection." The statutes further provide that the bond shall be filed and that *any* person to whom there is due any sum for labor or material furnished may bring an action on the bond for recovery of the indebtedness. Ark. Stat. Ann. § 51-631. Therefore, if the bond complies with the statutory requirements, appellant could have maintained a separate and

direct cause of action against American, contrary to the trial court's finding.

The bond, titled "Arkansas Statutory Performance and Payment Bond," was issued by American, as surety, to Stuart, as principal, and in favor of The Downtown Church of Christ, as obligee. The language of the bond states in essence that if Stuart faithfully performs under the construction contract and pays all persons who have contracts directly with it for labor or materials the surety's obligation becomes null and void. This language differs from the statutory condition only in its attempt to limit liability to those who contract directly with Stuart. The surety on a bond is presumed to know that the bond is executed as though the terms of the statute were a part thereof. *Reiff* v. *Redfield School Bd.*, 126 Ark. 474, 191 S.W. 16 (1916). Neither party argues that this language prevents the bond from being construed as a statutory bond, and we agree, especially in light of *Sweester Constr. Co.* v. *Newman Bros., Inc.*, 236 Ark. 939, 371 S.W.2d 515 (1963), which stated that a person who furnishes material to a subcontractor is in privity with the prime contractor and has recourse to a prime contractor's bond for the payment of his account. *Id.* at 943-44, 371 S.W.2d at 517-18. Therefore, even if American limited its liability to those who contract with Stuart, appellant had sufficient privity with Stuart to have recourse against American.

Another requirement under the statutes is that the bond be filed in the office of the clerk of the circuit court in the county in which the property is situated. Ark. Stat. Ann. § 51-631. The same statute provides that if the bond is not filed, all persons furnishing material or performing labor shall have a lien upon the property for the unpaid amount of the claim. Appellee asserts that the bond was not filed. The court, at least impliedly, found that to be true since it noted that no lien had been filed under the section and the section provides for a lien only in the absence of filing the bond. Appellant contends in its brief that it is entitled to recover regardless of whether the bond was statutory or not and cites cases allowing recovery where the bond was unfiled, never challenging the bond's treatment as unfiled. However, our limited review shows that the bond was introduced into evidence with a certificate showing that it was filed of record on September 10, 1981, with the White County Circuit Clerk and

Recorder. We know of no reason to treat the bond as unfiled.

The bond in issue fully complies with the conditions and requirements of the statutes governing construction bonds for religious or charitable organizations. We find the trial court's findings that appellant was not entitled to bring a separate action on the bond clearly erroneous. Arkansas Statutes Annotated § 51-631 clearly gives appellant a direct action on the statutory bond and it was entitled to have judgment entered against American as a matter of law.

Finally, appellant argues that the court erred in failing to awards costs including attorney's fees, 12% statutory damages, and interest against American pursuant to Arkansas Statutes Annotated § 66-3238 (Repl. 1980). The statute states:

> In all cases where loss occurs and the cargo, fire, marine, casualty, fidelity, *surety . . . insurance company* . . . liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such person, firm, corporation, and/or association shall be liable to pay the holder of such policy or his assigns, in addition to the amount of such loss, twelve percent (12%) damages upon the amount of such loss, together with all reasonable attorneys' fees for the prosecution and collection of said loss. . . . [Emphasis added].

This statute was applied to a surety on a contractor's bond in *Ray Ross Constr. Co., Inc.* v. *Raney*, 266 Ark. 606, 587 S.W.2d 46 (1979). In *Raney*, the supreme court affirmed an award of attorney's fees, 12% penalty, and interest to a subcontractor who recovered a verdict against the prime contractor and surety in the dollar amount for which he prayed. We see no material difference between *Raney* and the case at bar. Although in *Raney*, the party seeking to recover the penalty, interest and fees was a subcontractor rather than a materialman and judgment had also been entered against the principal on the bond, the particular fact situation had no bearing on the statute's applicability to a surety on a contractor's bond. The only question in *Raney* was whether the surety actually contested the claim and failed to pay it after demand. The court held that it had done so.

Because of our disposition on the issue of American's

liability, appellant has been awarded judgment in the amount for which it prayed as is required to invoke the statute. American offered no argument against allowing the penalty and attorney's fees and we are aware of none.

We therefore reverse and remand, directing the trial court to enter judgment against La-Van and American jointly and severally and to award appellant sums due to it under Arkansas Statutes Annotated § 66-3238.

Affirmed in part, reversed in part, and remanded.

CRACRAFT and JENNINGS, JJ., agree.