**BURNSIDE TERMINAL, A DIVISION OF ORMET CORPORATION**

v.

**SSM CARBON, A DIVISION OF SSM COAL NORTH AMERICA, INC.**

Civ. A. 91–178–B.

United States District Court, M.D. Louisiana.

Aug. 28, 1991.

Sidney Marchand, III, Talbot, Sotile, Carmouche, Marchand & Marcello, Donaldsonville, La., S. Daniel Meeks, Lynn L. White, Abbott, Best & Meeks, New Orleans, La., for plaintiff.

William J. Hamlin, Alvin J. Bordelon, Jr., New Orleans, La., for defendant.

RULING ON THE PLAINTIFF'S MOTION TO REMAND AND THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

The interesting issue involved in the pending motions before the Court is whether the plaintiff's cashing of the defendant's check, which was for less than the full amount due, constituted "accord and satisfaction" under Louisiana law. The plaintiff, Burnside Terminal (Burnside), filed a motion to remand based on lack of subject matter jurisdiction. The defendant, SSM Carbon (SSM), filed a motion for summary judgment. Both parties filed opposition to the respective motions.

I. Motion to Remand

■ SSM removed this suit to federal court based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1441(b), 1446, and 1332. For diversity jurisdiction to exist, the citizenship of the parties must be diverse and the amount in controversy must exceed $50,000.00, exclusive of interest and costs.[1] Burnside alleges the defendant owes an unpaid balance of $47,180.55, and reasonable statutory attorney's fees under La. R.S. 9:2781. The plaintiff argues that the attorney's fees cannot be considered as part of the amount in controversy because there is no specified amount demanded and any award of fees is discretionary by the Court and speculative. Consequently,

---

1. There is no dispute that there is diversity of citizenship between the parties which satisfies the requirement of 28 U.S.C. § 1332. The dispute concerns the amount in dispute.

Burnside asserts the amount in controversy in this case is only the unpaid balance, which fails to meet the requisite jurisdictional amount required by § 1332.

█ It is well established that statutory attorney's fees can be included in determining the jurisdictional amount.[2] However, when the Court's subject matter jurisdiction is questioned, the Court is required to make all necessary inquiries to establish its jurisdiction.[3] It is within the Court's discretion to select what procedures will be followed to determine whether it has subject matter jurisdiction.[4]

Louisiana Revised Statute 9:2781 (West Supp.1991) provides that if a debtor does not pay an open account within 15 days after receiving written demand setting forth the amount due, the debtor *"shall be liable ...* for reasonable attorney fees for the prosecution and collection" of the debt.[5] As in the *Foret* case, Burnside demanded attorney's fees in its petition, yet now argues that the award of such fees are speculative even if it is successful on the merits of its case. However, Burnside does not argue that the requirements of § 2781 were not met. Indeed, to demand attorney's fees under the statute, the plaintiff implicitly states that § 2781's requirements have been met. When the requirements of § 2781 have been met, the Louisiana courts have noted that the language of the statute itself "mandates an award of attorney's fees where the claimant has proven compliance therewith."[6] Therefore, if Burnside is successful on its claim, this Court must grant reasonable attorney's fees to the plaintiff under the law.

Because the Court does not have discretion to award attorney's fees if the plaintiff is successful, any possible attorney's fee must be considered by the Court in determining the jurisdictional amount in controversy. The Court must now determine whether the amount of any attorney's fees which must be awarded will satisfy the jurisdictional amount requirements set forth in § 1332 when added to the $47,-180.55 claimed by the plaintiff. In determining reasonable attorney's fees, the Court principally looks to the amount of time and the legal tasks performed by counsel to collect the debt, evidenced by counsel's records and other documentation.[7]

Assuming the plaintiff is successful concerning the unpaid balance due, the mandatory reasonable attorney's fees which must be awarded by the Court need only exceed $2,819.45, for the jurisdictional amount to be satisfied. Based on a review of the items filed in the record, including Burnside's motion to remand and its opposition to defendant's motion for summary judgment, the Court finds that amount of reasonable attorney's fees would exceed $2,819.45. Therefore, the Court finds that the amount in controversy exceeds $50,-000.00. Consequently, the plaintiff's motion to remand is denied.

## II. Motion for Summary Judgment

█ Having found this Court has subject matter jurisdiction to hear this case, the Court must now rule on SSM's motion for summary judgment. Defendant contends its summary judgment should be granted because the plaintiff is barred from further recovery by the defense of accord and satisfaction.

For a valid defense of accord and satisfaction to be present under Louisiana law, the debtor must prove that: (1) there was a disputed claim; (2) the debtor tendered a check for less than the amount claimed by

---

**2.** *Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 536 (5th Cir.1991); *Graham v. Henegar,* 640 F.2d 732, 735 (5th Cir.1981).

**3.** *Foret,* 918 F.2d at 536; *Opelika Nursing Home, Inc. v. Richardson,* 448 F.2d 658, 666 (5th Cir. 1971).

**4.** *Foret,* 918 F.2d at 536; *Richardson,* 448 F.2d at 667.

**5.** Emphasis supplied by the Court.

**6.** *Thomson McKinnon Securities v. Hardy Warehouse, Inc.,* 562 So.2d 990, 994 (La.App. 3d Cir. 1990); *Barbato, Super & Robinson v. Koerner,* 394 So.2d 820, 821 (La.App. 4th Cir.1981).

**7.** See *USF & G v. Lipsmeyer Const. Co.,* 754 F.Supp. 81, 86 (M.D.La.1990); *FDIC v. Fortenberry Farms, Inc.,* 754 F.Supp. 86, 90 (M.D.La. 1990).

the creditor; and, (3) the creditor accepted the tender.[8] The defendant contends the evidence reveals that it has satisfied each of the above three elements and, therefore, it is entitled to summary judgment. The Court disagrees.

Before the Court can find that accord and satisfaction exist, the Court must find mutual consent between the parties concerning the transaction.[9] It is essential that the creditor is aware that the debtor's tendered check if accepted will fully liquidate the debt.[10] The Fifth Circuit has stated that "mutual consent is an absolute requisite to the formation of a contract of accord and satisfaction, and that the intent of the parties is a *question of fact* to be resolved by the trier-of-fact." [11] Therefore, the Court finds there is a genuine issue as to a material fact in dispute regarding the intent of the parties. Consequently, defendant's motion for summary judgment cannot be granted under the current facts.

Therefore:

IT IS ORDERED that the plaintiff's motion to remand this action to the state court be and it is hereby DENIED.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment is DENIED.

---

8. *American Bank & Trust Company v. Hannie,* 568 So.2d 216, 218–19 (La.App. 3d Cir.1990) *writ denied,* 572 So.2d 64 (La.1991); *Charles X. Miller, Inc. v. Oak Builders, Inc.,* 306 So.2d 449, 451 (La.App. 4th Cir.1975).

9. *Fischbach & Moore, Inc. v. Cajun Elec. Power Co-op.,* 799 F.2d 194, 198 (5th Cir.1986).

10. *Fischbach & Moore,* 799 F.2d at 199; *Ingraham Concrete Structures v. Champion Shipyards, Inc.,* 423 So.2d 752, 753 (La.App. 4th Cir.1982).

11. *Fischbach & Moore,* 799 F.2d at 198 (emphasis added).