James N. YOUNG, Jr., et al., Plaintiffs,

v.

AMERICAN CYANAMID COMPANY,
Defendant.

Civ. No. B–C–90–89.

United States District Court,
E.D. Arkansas, N.D.

Oct. 21, 1991.

E. Leon Nicholson, Thaxton, Hout, Howard & Nicholson, Newport, Ark., for plaintiffs.

David W. Cahoon and John C. Deacon, Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., for defendant.

## ORDER

GEORGE HOWARD, Jr., District Judge.

Plaintiffs manage and control farming operations in Jackson County, Arkansas. They bring suit against defendant, alleging that their use of defendant's products, in particular Scepter/Tri–Scept, caused re-

duced yield in their soybean crops. Plaintiffs claim that defendant was negligent in failing to adequately warn of the dangers in the use of Scepter/Tri–Scept and in failing to give adequate instructions to plaintiffs with respect to the use of Scepter/Tri–Scept products. Plaintiffs also claim that defendant breached its express warranties and implied warranties of merchantability and fitness of purpose.

Defendant has moved for summary judgment. It contends that plaintiffs' claims concerning failure to warn are preempted by the Federal Insecticide, Fungicide and Rodenticide Act, ("FIFRA"), 7 U.S.C. § 136 et seq. Defendant also contends that it effectively disclaimed its warranties.

## PREEMPTION

The preemption doctrine is based on Article VI, Clause 2 of the United States Constitution which provides:

> The Constitution and the laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land; and the Judges in every States shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

■ Preemption can be found where Congress expresses a clear intent to preempt state law; when there is a conflict between federal and state law; where compliance with both federal and state law is in effect physically impossible; where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the states to supplement federal law; or where state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress. *Papas v. Upjohn Co.*, 926 F.2d 1019, 1021 (11th Cir.1991), *petition for cert. filed*, (5/29/91); *Fisher v. Chevron Chemical Co.*, 716 F.Supp. 1283, 1286 (W.D.Mo.1989).

■ The critical question in considering whether state law is preempted is whether Congress intended that federal law supersede state law. There is a basic presumption that Congress did not intend to dis-

place state law. The burden of proving preemption is on defendant. *Riden v. ICI Americas, Inc.*, 763 F.Supp. 1500, 1502 (W.D.Mo.1991).

Of concern in this case is FIFRA. FIFRA was enacted in 1947 to replace the Insecticide Act of 1910, the first federal regulation of pesticides. "As first enacted, FIFRA was primarily a licensing and labeling statute." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 104 S.Ct. 2862, 2865, 81 L.Ed.2d 815 (1984). The Act was amended in 1972 in response to growing environmental and safety concerns. "The [1972] amendments transformed FIFRA from a labeling law into a comprehensive regulatory statute." 104 S.Ct. at 2867.

At issue is that section of the statute entitled "Authority of States." 7 U.S.C. § 136v. That section provides:

(a) In general

A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter.

(b) Uniformity

Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter.

■ Defendant contends that § 136v(b) preempts state tort law claims based on inadequate warnings or labeling. Plaintiffs disagree.

The question of preemption in similar situations has been addressed by a number of courts, with an almost even split of authority. *Arkansas Platte & Gulf Partnership v. Van Waters & Rogers, Inc.*, 748 F.Supp. 1474, 1476 (D.Colo.1990). *See Papas v. Upjohn Co.*, 926 F.2d at 1021 n. 1 (listing cases); *see also* Beverly L. Jacklin, Annotation, *Federal Pre-Emption of State Common–Law Products Liability Claims Pertaining to Pesticides*, 101 A.L.R. Fed. 887 (1991).

Only two federal appellate courts have considered the same issue, with different results. In *Ferebee v. Chevron Chemical*

*Co.,* 736 F.2d 1529 (D.C.Cir.1984), *cert. denied,* 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1985), the court held that FIFRA did not preempt state common law tort suits based on inadequate labeling. In *Papas,* the Eleventh Circuit held that FIFRA impliedly preempts such tort claims.

The Supreme Court recently decided a case which might help to resolve the conflicting opinions on the issue. In *Wisconsin Public Intervenor v. Mortier,* — U.S. ——, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991), the Court held that § 136v(a) of FIFRA does not preempt a town's regulation of pesticide use. The Court contrasted the language of § 136v(a) with that of § 136v(b). The Court stated:

> More importantly, field pre-emption cannot be inferred. In the first place, § 136v itself undercuts such an inference. The provision immediately following the statute's grant of regulatory authority to the States declares that '[s]uch State shall not impose or continue in effect any requirements for labeling and packaging in addition to or different from those required under' FIFRA. 7 U.S.C. § 136v(a). This language would be pure surplusage if Congress had intended to occupy the entire field of pesticide regulation.

The conclusion to be drawn from this passage is that Congress did not intend to preempt the entire field of pesticide regulation; only those fields specifically stated—labeling and packaging—are so preempted.

This analysis is further strengthened by other language in the *Mortier* decision. The Court recognized that some fields are implicitly preempted, and in *dicta* states that labeling and certification are such fields.[1]

The Court is persuaded that based on the language of *Mortier,* plaintiffs' common law tort claims based on inadequate labeling are preempted by FIFRA. *See Worm v. American Cyanamid Co.,* 1991 WL 144328 (D.Md.1991) ("In accordance with the Supreme Court's reasoning [in *Morti-*

*er* ], this court holds that any state tort claim alleging inadequate labeling of a pesticide must be preempted by FIFRA as a matter of law under § 136v(b)").

The Court notes that those courts considering the issue have discussed the applicable law and policy considerations at length, and the Court need not repeat them. The Court, however, after reviewing the case law, is also persuaded that the legislative history of FIFRA and the reasoning in *Papas* dictate a similar result of preemption.

Thus, the Court finds that plaintiffs' claims based on inadequate labeling and failure to warn are preempted by FIFRA.

## DISCLAIMER OF WARRANTIES AND LIMITATION OF DAMAGES

### *Disclaimer of Warranties*

█ Defendant also asserts that it effectively disclaimed the implied warranties of merchantability and fitness, and that plaintiff is barred from seeking damages other than for which defendant expressly provided. Plaintiff argues, *inter alia,* that defendant did not conspicuously disclaim the warranties.

The Arkansas Code provides that:

> A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals ... is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color.... Whether a term or clause is 'conspicuous' or not is for decision by the court.

A.C.A. § 4-1-201(10) (1991 Supp.)

Defendant has provided examples of two labels it used. The Court notes that both contain the word "disclaimer" in capital letters and bold print. The disclaimer is on the back of the label. In the label used in 1986 and 1987, the language contained in the disclaimer is of smaller print than the

---

**1.** "As we have also made plain, local use permit regulations—*unlike labeling or certification*—do not fall with an area that FIFRA's 'program' pre-

empts or even plainly addresses." 111 S.Ct. at 2487 (emphasis added)

rest of the label, with the exception of the words "fitness" and "merchantability." The print of the disclaimer on the 1988 label is of the same size as the rest of the print on the back, but is smaller than the print on the front.

Whether a disclaimer is conspicuous is not easily resolved. The Arkansas Supreme Court in *Mack Trucks of Arkansas, Inc. v. Jet Asphalt & Rock Co.*, 246 Ark. 101, 437 S.W.2d 459 (1969), *overruled on other grounds*, by *Cavette v. Ford Motor Credit Co.*, 260 Ark. 874, 545 S.W.2d 612 (1977) found a disclaimer ineffective where it was in the same size type and color as other provisions of the invoice. Similarly, in *International Harvester Co. v. Pike*, 249 Ark. 1026, 466 S.W.2d 901 (1971), the Arkansas Court held a disclaimer similar in appearance to the ones at issue here as not conspicuous.

On the other hand the Arkansas Supreme Court in *Walker Ford Sales v. Gaither*, 265 Ark. 275, 578 S.W.2d 23 (1979) found that the implied warranties were conspicuously excluded. *See also Hunter v. Texas Instruments Inc.*, 798 F.2d 299 (8th Cir.1986) (finding that the disclaimer satisfied the Arkansas standard for conspicuousness).

The Court is persuaded that whether the disclaimers are conspicuous is a factual determination not easily made in isolation through the submission of labels and pamphlets. The Court needs to have additional facts before it can make that determination, such as the placement of the label on the container, and representations made to the buyers. In addition, plaintiff's assertion that the disclaimer is ambiguous and fails of its essential purpose requires further factual development.

Thus, the Court denies defendant's request for summary judgment with regard to the disclaimer of warranties.

*Limitation of Remedies*

[5] Defendant argues that even if it should be found to have breached its warranty or warranties, plaintiff is barred from obtaining consequential commercial damages because defendant expressly limited its damages. Again, the limitation of damages provisions are contained on the labels under the heading "Disclaimer." [2]

A seller may limit consequential damages under the Arkansas Code.

Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.

A.C.A. § 4–2–719(3) (1987)

Plaintiff argues that the attempted limitation is unconscionable. Again, the issue of unconscionability is one requiring factual development and determination.

When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination.

A.C.A. § 4–2–302(2) (1987). *See Martin v. Joseph Harris Co.*, 767 F.2d 296 (6th Cir. 1985) (factors in considering unconscionability include relative bargaining power of the parties, relative economic strength of the parties and alternative sources of supply).

---

**2.** There appears to be some split or confusion as to whether a limitation of remedies clause must be conspicuous. *See Earl Brace & Sons v. Ciba–Geigy Corp.*, 708 F.Supp. 708 (W.D.Pa.1989) (limitation of remedy is clear and conspicuous and one that reasonable person would have noticed and understood is operational.)

In *Gramling v. Baltz*, 253 Ark. 361, 485 S.W.2d 183 (1972), the Arkansas Supreme Court agreed that the only restriction on the limitation or exclusion of consequential damages is that it

cannot be "unconscionable." The court than went on to state that the seller could have provided "in clear and unmistakable language that it would not be liable for consequential damages." *Id.* at 362, 485 S.W.2d 183. The Eighth Circuit in *Cryogenic Equipment, Inc. v. Southern Nitrogen, Inc.*, 490 F.2d 696 (8th Cir.1974), seems to interpret the *dicta* of *Gramling* as imposing a requirement that the limitation clause be "clear and unmistakable."

Thus, factual issues exist as to whether the limitation of remedies clause is unconscionable.

## CONCLUSION

In sum, the motion for summary judgment is granted in part and denied in part. The claims pertaining to labeling and failure to warn are preempted by FIFRA. Factual issues exist as to plaintiffs' breach of warranty claims.

IT IS SO ORDERED.