**Ray PRATHER**

v.

**CIBA–GEIGY CORPORATION, et al.**

**Civ. A. No. 94–0040.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

May 17, 1994.

Charles A. Riddle, III, Marksville, LA, for plaintiff.

Henry B. Alsobrook, Jr., Adams & Reese, New Orleans, LA, for Ciba–Geigy Corp.

Henry B. Alsobrook, Jr., Adams & Reese, Thomas M. Nosewicz, John J. Weigel, Jones Walker Waechter Poitevent Carrere & Denegre, New Orleans, LA, for Tri–State Delta Chemicals, Inc.

LITTLE, District Judge.

*RULING*

Ray Prather brought this action in state court, alleging that the Ciba–Geigy pesticide he purchased from defendant Tri–State Delta Chemical Company ("Tri–State") failed to perform as warranted and that the defendants' representatives failed to provide adequate warning information concerning the indicated use. The defendants removed Prather's state action to this court based upon the parties' diversity of citizenship and the amount in controversy. Following removal, the defendants moved to dismiss, arguing that federal law preempts Prather's state claims and that the defendants fulfilled their burdens under federal law. Prather opposes the defendants' motion to dismiss and moves to remand. For the reasons that follow, the court denies the defendants' motion to dismiss as well as Prather's motion to remand.

I.

In late April or early May 1993, Prather purchased the agricultural pesticide, "Beacon," manufactured by defendant Ciba–Geigy Corporation, from defendant Tri–State in an effort to rid his corn crop of Johnson grass. Prather alleges that representatives of Tri-State and Ceiba–Geigy "recommended the amount of the application, the particular chemical, and other specifics of the application of [Beacon]" and themselves communicated with a flying service to broadcast the chemical on Prather's fields. Prather further alleges that these individuals made representations "as to the benefits of the application of [Beacon] to the crops" over alternatives proffered by Prather and failed to advise him of the potential for untoward results.

Prather's fields were sprayed with Beacon in early May 1993. Prather alleges that, despite the application of Beacon, the Johnson grass continued to grow and "prohibited the full production or output of the corn crop." On 25 August 1993, Prather sent a letter to Ciba–Geigy and Tri–State demanding reimbursement of the cost of applying Beacon to his fields and payment for the alleged damage to his crop (evidenced by lower yield) and future cost to rid his fields

of Johnson grass. Prather sought a total sum of $49,890. The defendants did not respond, and on 3 December 1993, Prather filed suit in state court seeking return of his purchase price, damages for the lower yield, and all other general and equitable relief to which he was entitled.

The defendants removed Prather's state action to this court. Prather now seeks to remand, arguing that the aggregate value of his claims does not meet the jurisdictional minimum of $50,000. The defendants oppose Prather's motion, arguing that Prather's action potentially sets forth a claim for redhibition under Louisiana law, and that if successful on this claim, Prather could recover in excess of the jurisdictional minimum—for the cost of applying Beacon to his fields, damages for crop loss and mental anguish, attorneys' fees, and exemplary damages.

The defendants have also moved to dismiss Prather's claims, arguing that they are preempted by the federal labeling requirements with which the defendants have complied. Prather opposes the defendants' motion, arguing that while federal law may preempt state remedies that mandate disclosure of information in addition to or different from that contained in a federally approved label, it does not preempt claims that stem from a product's failure to perform as warranted. Prather asserts, in essence, that either the defendants' representatives misled him concerning Beacon's vitality to control Johnson grass or the Beacon sprayed on his fields was defective.

## II.

### A. *Motion to Dismiss.*

A motion to dismiss for failure to state a claim "admits all well-pleaded facts in the complaint which it challenges." *Walker v. South Cent. Bell Tel. Co.,* 904 F.2d 275, 276 (5th Cir.1990) (per curiam) (internal quotation marks, citation omitted). In ruling on a motion to dismiss, however, the court "must go much further than merely accepting the facts of the complaint." *Id.* The court should not dismiss a complaint for failure to state claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ The Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") applies to all pesticides sold in the United States. 7 U.S.C. § 136a. FIFRA prescribes detailed labeling and packaging requirements which, if observed, preempt state law claims for failure to warn or breach of warranty that would effectively require a manufacturer to include additional or different information in a pesticide's federally approved label or promotional material. 7 U.S.C. § 136v(b); *Worm v. American Cyanamid Co.,* 5 F.3d 744, 749 (4th Cir.1993) (*Worm II* ). FIFRA does not, however, preempt the entire field of pesticide regulation. *Wisconsin Pub. Intervenor v. Mortier,* 501 U.S. 597, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991).

Thus, courts have permitted injured plaintiffs to assert state law claims against pesticide manufacturers for negligent testing, formulation, or manufacture of their products. *See Worm II,* 5 F.3d at 749. And where a pesticide manufacturer or retailer has voluntarily warranted a product's fitness for a particular purpose, courts have permitted plaintiffs to assert state law claims for breach of this warranty. *See, e.g., Young v. American Cyanamid Co.,* 786 F.Supp. 781 (E.D.Ark.1991); *see also Worm II* 5 F.3d at 749 (citing *Cipollone v. Liggett Group, Inc.,* —— U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992) (preemption analysis does not apply to "a contractual commitment voluntarily undertaken")); *Papas v. Upjohn Co.* 985 F.2d 516, 519–20 (11th Cir.1993) (*Papas II* ).

■ Reading the factual allegations of the plaintiff's complaint broadly, but without an informative brief from the plaintiff on this issue, the court concludes that he has sufficiently set forth claims against the defendants for (i) breach of voluntarily undertaken warranties and (ii) redhibition of the sale of defective pesticide. FIFRA does not preempt these claims. *See Worm II,* 5 F.3d at 749. Thus, the plaintiff has stated claims upon which relief can be granted, and the defendants' motion to dismiss is denied.

### B. *Motion to Remand.*

A case may be removed to federal court only if "the suit—as the plaintiff framed or could easily have framed it in the complaint—could have been within the district court's original jurisdiction at the time of the removal." *FDIC v. Elefant*, 790 F.2d 661, 667 (7th Cir.1986) (citation omitted). Diversity jurisdiction is properly invoked where the plaintiffs and the defendants are domiciliaries of different states and the amount in controversy exceeds $50,000. 28 U.S.C. § 1332. Those seeking to invoke the court's jurisdiction, here the defendants, bear the burden of showing that these requirements are met. *See Cedus v. Asplundh Tree Expert Co.*, 759 F.Supp. 319, 321 (W.D.La. 1990).

The plaintiff contends that the amount in controversy requirement is not met, in that he believes his claims are not worth more than $49,890. *See* Affidavit of Ray Prather; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–93, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938) ("And though ... the plaintiff after removal, ... by affidavit ... reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."). The defendants point out, however, that in reaching his estimate, the plaintiff neglected to consider the value of attorney's fees he may recover upon proof that the defendants knew the pesticide they, respectively, manufactured and sold was not fit for the use intended. *See* La.Civ.Code Ann. art. 2545 (West 1952 & Supp.1994); *Philippe v. Browning Arms Co.*, 395 So.2d 310, 318 (La.1981). The court notes that the plaintiff's complaint requests "all other general and equitable relief to which he may be entitled."

Upon reviewing the plaintiff's complaint and evaluating the claims set forth therein, the court concludes that the value of the plaintiff's claims exceeds $50,000 and denies the motion to remand. *See Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)); *see also Burnside Terminal v. SSM Carbon*, 772 F.Supp. 295, 296 (M.D.La.1991).

### III.

Accordingly, the court denies the defendants' motion to dismiss as well as the plaintiff's motion to remand.